**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0069, <u>Gail E. DiGirolamo v. Michael J. Stewart</u>, the court on August 15, 2017, issued the following order:**

The defendant's motion to dismiss the commissioner is denied.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Michael J. Stewart, appeals an order of the Superior Court (<u>Ignatius</u>, J.) in a partition action brought by the plaintiff, Gail E. DiGirolamo, <u>see</u> RSA chapter 547-C (2007 & Supp. 2016), authorizing the court-appointed commissioner to take various actions to resolve the parties' disputes regarding personal property and requiring the parties to share equally the commissioner's legal fees and fees for an "impounded pod storage unit."

We construe the defendant's brief to argue that the trial court erred by: (1) violating in various ways the rights of his mother (buyer) who purchased the real property at issue from the parties; (2) ordering him to pay half of the cost of towing and storing a storage pod rented by the plaintiff; (3) ordering him to pay half the court-appointed commissioner's legal fees incurred after the closing; (4) not granting him a hearing; (5) allowing the plaintiff to remove her personal property over his objection; and (6) authorizing the commissioner to resolve issues relating to the plaintiff's personal property when "the Court-appointed Commissioner [ ] no longer has jurisdiction over this matter" and "[c]ourt involvement and Commissioner involvement in this matter is finished by New Hampshire law and should be ended."

To the extent that the defendant asserts the buyer's rights, her motion to intervene in this action was denied by the trial court, and she did not appeal that decision. <u>See</u> <u>Super. Ct. Civ. R.</u> 46(d). The defendant lacks standing to assert the buyer's rights on his own behalf. <u>See</u> <u>State v. Actavis Pharma, Inc.</u>, 170 N.H. ___, ___ (decided June 30, 2017) (stating that we may raise standing issues <u>sua sponte</u> and that, to have standing, party must show that his own rights have been or will be directly affected).

To the extent that the defendant raises other issues, as the appealing party he has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the defendant's

challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
